UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHRISTINA GAVIN,

                                        Plaintiff,

               -against-

THE CITY OF NEW YORK, SERGEANT DAVID
GOLDSTEIN, shield # 1361, POLICE OFFICER NISSAN
CORNIBERT, tax # 942770, POLICE OFFICER
JUSTYNA SZYCHOWSKA, shield # 21116, POLICE
OFFICER CRISTINA BACHTHALER, shield # 28833,
POLICE OFFICER ERROL ROLLINS, shield # 18816,
POLICE OFFICER JATARA ISHMAEL, shield # 5653,

                                        Defendants.

------------------------------------------------------------------------ x

**FIRST AMENDED
COMPLAINT**

CV 13 3407 (BMC)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action against the City of New York and several New

York City Police Officers alleging that, on September 2, 2012, defendants violated her rights

under 42 U.S.C. § 1983, the First, Fourth, Sixth and Fourteenth Amendments to the United

States Constitution and New York state law by falsely arresting her, using unreasonable force on

her, denying her a fair trial, maliciously prosecuting her, violating her right to free speech and

denying her medical care.  Plaintiff seeks compensatory and punitive damages, attorney's fees

and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth,

Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred

upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York state law claims of false arrest, assault, battery, malicious prosecution, and vicarious liability which form part of the same case and controversy as her federal claims under Article III of the United States Constitution.

4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in and subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## NOTICE OF CLAIM

5.     A notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

6.     The City did not notice plaintiff for a 50-h hearing.

7.     This action is brought within one year and ninety days of the arrest of plaintiff.

## PARTIES

8.     Plaintiff is a resident of the State of New York.

9.     The City of New York is a municipal corporation organized under the laws of the State of New York.

10.     The individual defendants are members of the New York City Police Department ("NYPD").  The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

2

## STATEMENT OF FACTS

11.     On September 2, 2012, at approximately 3:20 p.m., plaintiff was with her husband, Irving Hosten, at 1050 Lafayette Avenue in Brooklyn.

12.     At all relevant times, plaintiff was obeying the law.

13.     Some of the defendants used unreasonable force on Irving Hosten at 1050 Lafayette Avenue.

14.     Plaintiff objected to defendants' use of unreasonable force.

15.     In response to plaintiff's exercise of free speech, defendants, acting in concert, falsely arrested plaintiff, hit her in the head with a police radio, dragged her and handcuffed her excessively tight.

16.     The defendants' use of force caused plaintiff to suffer injuries including pain, swelling and bruising.

17.     Defendants took plaintiff to the 81st Precinct.

18.     In the precinct, defendants, acting in concert, falsely charged plaintiff with committing various crimes toward them.

19.     In the precinct, defendants denied plaintiff's requests for medical care.

20.     Plaintiff was eventually taken to Brooklyn Central Booking.

21.     While plaintiff was held in Brooklyn Central Booking, she requested medical treatment and was taken to Woodhull Hospital on September 3, 2012.

22.     While plaintiff was held in Brooklyn Central Booking, defendants, acting in concert, misrepresented to prosecutors that plaintiff had committed various crimes toward them.

3

23.     Defendants assisted in the creation of a criminal court complaint charging plaintiff with various felonies and misdemeanors.

24.      During plaintiff's arraignment, the presiding judge released plaintiff on her own recognizance.

25.     Plaintiff subsequently testified before a grand jury which declined to indict plaintiff on September 14, 2012, resulting in a dismissal of all charges.

26.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for over 24 hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, and pain, swelling and bruising.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

27.     Plaintiff repeats the foregoing allegations.

28.     At all relevant times, plaintiff did not commit a crime or violation.

29.     Despite plaintiff's innocence, the defendants arrested plaintiff.

30.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

31.     Plaintiff repeats the foregoing allegations.

32.     Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

33.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

## (DENIAL OF A FAIR TRIAL)

34.     Plaintiff repeats the foregoing allegations.

35.     Defendants maliciously misrepresented to prosecutors that plaintiff had committed various crimes.

36.     Defendants' misrepresentations deprived plaintiff of liberty.

37.     Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying her a fair trial.

## FOURTH CLAIM

## (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

38.     Plaintiff repeats the foregoing allegations.

39.     Defendants maliciously misrepresented to prosecutors that plaintiff had committed various crimes and initiated a prosecution against her or played a role in initiating a prosecution against her.

40.     Defendants' misrepresentations deprived plaintiff of liberty.

41.     The criminal case filed against plaintiff was ultimately dismissed.

42.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

## (VIOLATION OF RIGHT TO FREE SPEECH)

43.     Plaintiff repeats the foregoing allegations.

44.     Plaintiff exercised free speech during the incident.

45.     Plaintiff's use of free speech was a motivating factor in defendants' decisions to violate her civil rights.

5

46.     Accordingly, the defendants are liable to plaintiff under the First Amendment for violating her right to free speech.

## SIXTH CLAIM

### (DENIAL OF RIGHT TO MEDICAL CARE)

47.     Plaintiff repeats the foregoing allegations.

48.     Plaintiff asked defendants in the 81st Precinct to provide her with medical care.

49.     Defendants denied plaintiff's request.

50.     Accordingly, the defendants are liable to plaintiff under the Fourteenth Amendment for failing to provide her with medical care.

## SEVENTH CLAIM

### (FAILURE TO INTERVENE)

51.     Plaintiff repeats the foregoing allegations.

52.     Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

53.     Accordingly, the defendants are liable to plaintiff under the First, Fourth, Sixth and Fourteenth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## EIGHTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

54.     Plaintiff repeats the foregoing allegations.

55.     At all relevant times, plaintiff did not commit a crime or violation.

56.     Despite plaintiff's innocence, the defendants arrested plaintiff.

57.     Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## NINTH CLAIM

### (ASSAULT)

58.     Plaintiff repeats the foregoing allegations.

59.     Defendants' use of force upon plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured her.

60.     Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## TENTH CLAIM

### (BATTERY)

61.     Plaintiff repeats the foregoing allegations.

62.     Defendants' acts of force upon plaintiff were offensive and nonconsensual physical contacts which injured her.

63.     Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## ELEVENTH CLAIM

### (MALICIOUS PROSECUTION UNDER STATE LAW)

64.     Plaintiff repeats the foregoing allegations.

65.     Defendants maliciously misrepresented to prosecutors that plaintiff had committed various crimes and initiated a prosecution against her or played a role in initiating a prosecution against her.

66.     The criminal case filed against plaintiff was ultimately dismissed.

7

67.     Accordingly, the defendants are liable to plaintiff under New York state law for malicious prosecution.

## TWELFTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

68.     Plaintiff repeats the foregoing allegations.

69.     Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

70.     Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault, battery and malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Attorney's fees and costs;

d.     Such other and further relief as the Court may deem just and proper.

DATED:     August 26, 2013

/s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)

8